a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEJUAN E NOEL #735990,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-04177<br>SEC P |
| VERSUS | JUDGE DRELL |
| RAYMOND LABORDE<br>CORRECTIONAL CENTER ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Temporary Restraining Order ("TRO") contained in a civil rights Complaint under 28 U.S.C. § 1983 (ECF No. 1) filed by *pro se* Plaintiff DeJuan E. Noel ("Noel"). Noel is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Noel asks that a TRO be issued or that he be transferred to another facility while his claim is pending. ECF No. 1 at 5.

Because Noel is not entitled to a TRO or transfer, his request should be DENIED.

I. Background

Noel names as Defendants Warden Marcus Myers, Administrative Remedy Specialist Diane Williams, Lt. Col. Laborde, Col. Nicholson, Cpt. Haggen, Lt. Jones, and Officer Turner. ECF No. 1.

1

Noel alleges that administrative grievances are sent to Warden Myers "to no avail." ECF No. 1 at 4. He alleges that Administrative Remedy Specialist Williams provides inmates' grievances to officers who walk around with "drop forms" and use "intimidation, threats, bribery," and coercion to get inmates to drop their administrative grievances. *Id.* Noel claims that Col. Nicholson "intentionally holds offenders in extended cellblock and working cellblock if they don't comply with these unprofessional tactics." *Id.* He also alleges that Lt. Jones and Officer Turner offer inmates tobacco in exchange for dropping administrative grievances. *Id.* Noel claims that Lt. Col. Laborde and Captain Haggen are liable as supervisors. *Id.*

In an attachment to his Complaint form, Noel states that he filed an administrative grievance about "hair particles and molecules constantly being in the below feeding temperature food and hardened food on the inside of the drinking cups all being administered in the cellblock." ECF No. 1-1 at 3. Noel claims that Lt. Col. Laborde and Col. Nicholson sent Lt. Jones to tell Noel that he would remain on extended lockdown unless he dropped the grievance. ECF No. 1-1 at 3. Noel also claims that, with Cpt. Haggen's knowledge, Lt. Jones brought Noel and his cellmate to a recreation room that has no pull-up bar or phone in retaliation for filing the grievance.

## II. Law and Analysis

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65. Local Rule 65.1 of the Rules of the Western District of Louisiana further requires that a motion for TRO or preliminary injunction be made in a document separate from the Complaint. LR 65.1 (W.D. La.).

Noel has not submitted an affidavit or a verified complaint in support of his request for TRO as required by Rule 65. Fed. R. Civ. P. 65. Nor has Noel filed his TRO request in a document separate from the Complaint. LR 65.1 (W.D. La.). Therefore, Noel's TRO request should be denied.

Furthermore, a TRO is a "an extraordinary and drastic remedy." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). The purpose of a temporary restraining order is to "preserve, for a very brief time, the status quo, so as to avoid irreparable injury pending a hearing on the issuance of a preliminary injunction." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 829 (5th Cir. 1976); *see also, Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (noting that *ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo"). And the primary purpose of a preliminary injunction is "to prevent irreparable injury so

as to preserve the court's ability to render a meaningful decision on the merits." *Shakouri v. Raines*, 11-CV-00126, 2012 WL 12872434, at *2 (W.D. Tex. 2012) (quoting *Canal Auth. of the State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)).

To obtain a preliminary injunction or TRO, a movant must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (citation omitted).

Regardless of whether Noel can show a likelihood of success on the merits, there are no allegations of a substantial threat of irreparable injury, loss, or damage. If Noel succeeds on his § 1983 claims, the alleged injuries can be remedied through the monetary damages prayed for in the Complaint. *See Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008) (citation omitted) (injuries are irreparable only when they "cannot be undone through monetary remedies"); *Silva v. Bureau of Prisons*, 3:10-CV-0168, 2010 WL 3000803, at *3 (N.D. Tex. 2010), *report and recommendation adopted*, 2010 WL 2989995 (N.D. Tex. 2010).

Finally, Noel's alternative request to be transferred to another facility should be denied. There is no protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F. App'x 767 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)).

### III. Conclusion

Because Noel is not entitled to emergency injunctive relief, IT IS RECOMMENDED that his request for TRO or transfer contained within the Complaint (ECF No. 1) be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, December 27, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE